UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 94 CR 187 |
| *Plaintiff*, | ) | |
| | ) | Honorable John Robert Blakey, |
| vs. | ) | Judge Presiding |
| | ) | |
| CARMEN TATE, | ) | |
| | ) | |
| *Defendant.* | ) | |

## CARMEN TATE'S THIRD MOTION FOR
## LEAVE TO SUBMIT SUPPLEMENTAL AUTHORITY

Carmen Tate, by and through his attorney, MELISSA A. MATUZAK, moves this Honorable Court for leave to submit supplemental authority, *United States v. Thompson*, No. 04 CR 464-1, 2020 U.S. Dist. LEXIS 148354 (N.D. Ill. Aug. 18, 2020), and *United States v. Snulligan*, No. 99 CR 561-5, 2020 U.S. Dist. LEXIS 175030, (N.D. Ill. Sep. 24, 2020) in support of his Motion for Imposition of a Reduced Sentence Pursuant to Section 404 Of The First Step Act of 2018. In support of this motion, Defendant, through counsel, shows to the Court the following:

1. On September 9, 2020, the government responded to co-defendant Eddie Richardson's motion for reduction of sentence under the First Step Act, and addressed recent Seventh Circuit cases—*United States v. Shaw,* 957 F.3d 734 (7th Cir. 2020), and the consolidated cases *United States v. Hudson*, No. 19-2075, *United States v. Vorties*, No. 19-2476, and *United States v. Speed*, No. 19-2708, 2020 U.S. App. LEXIS 22887

(7th Cir. July 22, 2020)—which were previously submitted as supplemental authority to the Court by Mr. Tate (See Dkt. # 1305, 1306; Dkt. #1309, 1310).

2. In its response to Richardson's motion, the government thrice mentioned Mr. Tate (Gov. Resp. Dkt. # 1317 at 2, 6). Mr. Tate now seeks leave of this Court to cite additional supplemental authority, attached as Exhibit A, which he believes rebuts the government's interpretation of the *Shaw* and *Hudson* cases. The cases at issue—*United States v. Thompson* and *United States v. Snulligan*—are persuasive authorities that interpret the *Shaw* and *Hudson* cases in a manner consistent with Mr. Tate's position in his First Step Act Motion and related filings.

3. In its response to Richardson's motion, the government concedes *Shaw* held that "the statute of conviction, rather than the defendant's specific offense conduct," determines eligibility, but then asks this court—as it did for Mr. Tate—to rely on offense conduct found at sentencing. (Dkt. # 1317 at 8). Based on the clear holding in *Shaw*, this position should be rejected. In addition, the supplemental cases that Mr. Tate asks this Court to consider—*Thompson* and *Snulligan*—rebut the government's position and support Mr. Tate's position that he is eligible for a reduction of sentence under the First Step Act.

4. In *Thompson*, the defendant, described by the court as the "erstwhile 'King' of the Black Disciples ('BD') street gang and the lead defendant among forty-six individuals charged with participating in a vast narcotics conspiracy spanning well over a decade," which included heroin, cocaine, and crack cocaine. *Thompson*, 2020 U.S. Dist. LEXIS 148354, *1 (See also Superseding Indictment in 04 CR 464, Dkt. #513). The court cited

*Shaw* and *Hudson*, and held the defendant "eligible for [that] relief because he was convicted on his plea of guilty to Count I of the superseding indictment, which charged the 'covered offense' of a conspiracy to distribute drugs including crack cocaine." *Thompson*, 2020 U.S. Dist. LEXIS 148354, *3. The court ultimately reduced Thompson's sentence from 540 months to 360 months. *Thompson*, 2020 U.S. Dist. LEXIS 148354, *7.

5. In *Snulligan*, the defendant was charged with conspiracy to distribute crack cocaine and marijuana, as well as possession with intent to deliver cocaine. *Snulligan*, 2020 U.S. Dist. LEXIS 175030, *1-2. The court rejected the government's position that drug quantities charged in the indictment but not found by the jury beyond a reasonable doubt rendered the defendant ineligible for relief under the First Step Act. Rather, the court followed "the Seventh Circuit's directives in *Shaw* and [found] that the statute Snulligan violated, 21 U.S.C. § 841(b)(1)(A)(iii), is one for which the statutory penalties were modified under the Fair Sentencing Act," and therefore Snulligan's offense was "covered" under the First Step Act, and he was eligible for a sentence reduction." *Snulligan*, 2020 U.S. Dist. LEXIS 175030, at *9. The court reduced Snulligan's sentence from 540 months to time served.

6. In its response to Richardson's motion, the government further argued that *Hudson* is inapplicable because it did not address "a multi-object conspiracy involving both crack cocaine and other controlled substances." (Dkt. #1317 at 9). As set forth in Mr. Tate's second motion to supplement, in coming to its decision in *Hudson*, the Seventh Circuit relied on and cited *United States v. Gravatt*, 953 F.3d 258 (4th Cir. 2020), which held

3

the First Step Act allows a court to reduce a sentence "where the offense of conviction is a multi-object conspiracy where the penalties of one object (possession of crack cocaine) were modified by the Fair Sentencing Act, while the penalties of the other (powder cocaine) were not reduced." *Gravatt*, 953 F.3d at 264. Moreover, as set forth above, the supplemental cases that Mr. Tate asks this Court to consider—*Thompson* and *Snulligan*—both involve defendants convicted of multi-object conspiracies, and therefore rebut the government's position and support Mr. Tate's position that he is eligible for a reduction of sentence under the First Step Act.

7. As set forth in his Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act (Dkt. # 1278), Mr. Tate was convicted in 1995 for a crack offense pursuant to the statutory provisions of 21 U.S.C. § 841 (b)(1)(A), which has been modified by the Fair Sentencing Act, and is a "covered offense," as defined in the First Step Act. Pursuant to the Seventh Circuit's recent holdings in *Shaw* and *Hudson*, and as followed and interpreted by the court in *Thompson* and in *Snulligan*, Mr. Tate is eligible for a reduction in his sentence.

8. Because Mr. Tate is eligible for a sentence reduction, in considering whether to reduce his sentence, this Court may consider all relevant factors, including "different statutory penalties, current Guidelines, post-sentencing conduct, and other relevant information about a defendant's history and characteristics," when determining whether an eligible defendant merits relief under the First Step Act. *Hudson*, 2020 U.S. App. LEXIS 22887, at *12-13, citing *Shaw*, 957 F.3d at 741-42. For all the reasons set forth in

his original motion, Mr. Tate respectfully submits that this Court should reduce his sentence.

WHEREFORE, Mr. Tate respectfully requests leave to cite *United States v. Thompson*, No. 04 CR 464-1, 2020 U.S. Dist. LEXIS 148354 (N.D. Ill. Aug. 18, 2020), and *United States v. Snulligan*, No. 99 CR 561-5, 2020 U.S. Dist. LEXIS 175030, (N.D. Ill. Sep. 24, 2020), as supplemental authority to his previously filed Motion for Imposition of a Reduced Sentence Pursuant to Section 404 Of The First Step Act of 2018.

Respectfully submitted,

*/s Melissa A. Matuzak*
**MELISSA A. MATUZAK**

**LAW OFFICE OF MELISSA A. MATUZAK**
53 West Jackson Boulevard
Suite 1650
Chicago, Illinois 60604
Tel: (312) 986-1985
melissamatuzak@gmail.com

*Attorney for Carmen Tate*

# CERTIFICATE OF SERVICE

Melissa A. Matuzak, Attorney at Law, hereby certifies that the foregoing Third Motion for Leave to Submit Supplemental Authority was served on September 27, 2020, in accordance with Fed.R.Crim.P.49, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

*/s Melissa A. Matuzak*
**MELISSA A. MATUZAK**

**LAW OFFICE OF MELISSA A. MATUZAK**
53 West Jackson Boulevard
Suite 1650
Chicago, Illinois 60604
Tel: (312) 986-1985
melissamatuzak@gmail.com